IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

Ephriam (Dov) Goldstein, et al.

Plaintiffs

v.                                          Case No.:        1:21-03124-GLR

Alissa Hindle, et al.

Defendants

**RESPONSE TO MOTION AND MEMORANDUM TO DISMISS COMPLAINT**

  Plaintiffs, by and through their undersigned attorney, hereby files this Response to the Defendant, Karl Hindle's, Motion and Memorandum to Dismiss Complaint and states as follows:

  1. The Defendant's Motion and Memorandum to Dismiss Complaint (hereinafter the "Defendant's Motion") seems to direct its attention to the Defamation Claims (Counts 1, 2, and 3). However, the Plaintiff's Complaint (hereinafter the "Complaint") contained Invasion of Privacy – False Light causes of action, Counts 4, 5 and 6.

  2. The Defendant's Motion, again focused on the defamation claims, appears to argue that the Complaint must be dismissed for the lack of facts to support the causes of action(s) plead in the Complaint.

  3. Regarding the defamation cause of action, the first element, a defamatory statement, can be a "statement" or a "publication" to a third party. *Haskins v. Baylis,* 440 F. Supp. 2nd 455 (D. Md. 2006)(quoting *Samelsv. Tschechtelin*, 135 Md. App. 483, 763 A.2d 2009(2000). In this instant matter as alleged in Paragraph 13, and incorporated by reference in all causes of actions thereafter, it is alleged by the Plaintiff's that the Defendant published and authored a website that made and makes defamatory statements about the Plaintiffs. The website, whose URL address is provided in the Complaint, is a "publication" of statements authored by the Defendant that has caused harm to the Plaintiffs (hereinafter the "Website"). Further specificity as to some of the statements made by the Defendant about the Plaintiffs are set forth in Paragraphs 20 (recording and publishing of non-consensual pornography), 27 and 28

(non-consensual recording of pornography), 29 (criminal conspiracy among the three Plaintiffs), 37 (implicating Morrissey with the other two Plaintiff's of the recordings of non-consensual pornography), and 44 (alleging Goldstein is a sexual predator, and the other two Plaintiff's assisted Goldstein with the criminal activity), of the Complaint.

4. As alleged in Paragraph 15 of the Complaint, the Website was thereafter replaced by a second website with the defamatory statements contained in the original Website remaining therein.

5. Responsibility for the contents and authorship of the Website is the Defendant, Karl Hindle, as alleged in Paragraph 19 of the Complaint.

6. The Defendant's Motion does not dispute authorship of the Website, wherefore, the Defendant has tacitly agreed that the Website is his creation and published by him.

7. The Defendant's Motion complaining of lack of damages also is without merit.

8. Maryland has held words are actionable *per se*, where their injurious character is a self-evident fact of common knowledge of which the court takes judicial notice and need not be pleaded or proved. Thus the words themselves impute defamatory character. *Shapiro v. Massengill,* 105 Md. App. 743, 661 A. 2d 202 (1995); *Lewis v. Forest Pharms., Inc.*, 217 F. Supp. 2d 638 (D. Md 2002).

9. It is plead in the Complaint that the Defendant, through the website, defamed the Plaintiffs by curating a website that called the conspiratorial Plaintiffs perverts, sexual predators, recorders of non-consensual photographers and publishers of same. Clearly those words authored by the Defendant on the Website are injurious and input defamatory character.

10. Damages for the defamation does not only include just actual damages. Actual damages are not limited to only out of pocket losses. In defamation cases, damages include impairment of reputation, standing in the community, personal humiliation, mental anguish and suffering. These damages are for the jury to consider at the conclusion of trial, supported by competent evidence as to the injury, realizing that there does not have to be any evidence assigning an actual dollar amount to the injury. *Hearst Corp. v. Hughes*, 297 Md. 112, 466 A. 2d 486 (1983).

11. As indicated herein, the Defendant's Motion fails to address Counts 4, 5, and 6 of the Complaint.

12. With the exception of the last sentence of Defendant's Motion Paragraph 12 (mentioning false light specifically) and Defendant's Motion Paragraph 15 (referring to Counts 4, 5 and 6) there is no argument or attention paid to these causes of action.

13. Paragraph 12 of Defendant's Motion suggests damages have not been plead for a false light cause of action.  Paragraph 15 of Defendant's Motion summarily suggests that 4th, 5th and 6th claims must be dismissed.

14. The Plaintiffs have plead with specificity the elements of invasion of privacy – false light, in that the Defendant publish the remarks (authorship of the Website); placed another in a false position by attributing to them characteristics or conduct which is false (non-consensual pornographic recordings, perverted sexual practices); with knowledge of the falsity or with reckless disregard; and in a manner that is highly offensive to a reasonable person. *Chinwuba v.* Larsen, 142 Md. App. 327, 790 A.2d 83 (2002); *Holland v. Psychological Assessment Res.*, 482 F.Supp. 2d 667 (D Md 2007).

Damages for invasion of privacy – false light, similar to defamation can be damages other than out of pocket losses as set forth by *Hearst.*

Wherefore, having answered the Defendant's Motion to Dismiss the Plaintiffs hereby jointly request this Court to:

    a. Deny the Defendant's Motion to Dismiss;

    b. Or in the Alternative, permit leave of the Court to Amend the Complaint;

    c. And grant such other and further relief as this Court deems appropriate.


 2/28/23                                          /s/ Robert L. Kline, III
Date                                       Robert L. Kline, III, AIS#8712010325
                                              73 N Main Street
                                              Port Deposit, MD 21904
                                              Telephone:    410 790 2654
                                              E-Mail:klinelawgroupllc@gmail.com
                                              Federal Bar No. 4357


**CERTIFICATE OF SERVICE**


I hereby certify that on February 28, 2023 that an electronic copy of the aforegoing will be served electronically by the Court's CM/ECF system on all appropriate parties.

/s/ Robert L. Kline, III
Robert L. Kline, III