UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

Ephraim (Dov) Goldstein, et al.,

    Plaintiffs,

       v.                Case No. 1:21-CV-03124-GLR

Karl Hindle, et al.,

    Defendants.

_____

### REPLY TO PLAINTIFFS' RESPONSE TO MOTION
### AND MEMORANDUM TO DISMISS COMPLAINT

Karl Hindle, defendant ("Karl"), by undersigned counsel, hereby replies to the Plaintiffs' Response (the "Response") (dkt 31) to Karl's motion to dismiss the Complaint (the "Motion to Dismiss") (dkt 29), as follows:

1.    The gravamen of the Motion to Dismiss is that the Complaint fails to specify the allegedly defamatory acts performed by Karl (applicable as well to the claim for invasion of privacy). Instead, the Complaint repeatedly references acts performed by "Defendants", namely Karl and his estranged wife Allisa.

2.    However, on February 28, 2023 the Plaintiffs dismissed Allisa from this action, a dismissal approved by this Court on March 1, 2023.

3.    With Allisa dismissed, the Complaint is even LESS specific as to Karl. For example, the Plaintiffs cite to actions done by "Defendants" in paragraphs 16, 21, 22, 23, 24, 25, 30, 31, 32, 33, 34, 38, 39, 40, 41, 42, 43, 46, 47, 49, 51, 53, 54, 56, 58, 59, 61, 62, and 64, a total of twenty-nine times. With Allisa no longer a defendant the Plaintiffs must now prove that all of these actions were done solely by Karl; however they have not amended their Complaint to

reflect that Karl, exclusive of any act by Allisa, performed all of these allegedly wrongful acts. This failure to amend the Complaint only amplifies the primary thrust of the Motion to Dismiss: that Karl is not apprised of the *specific acts* which he himself is accused of doing.

4. Instead, the Response distorts the allegations of the Complaint to meet the narrative that the Complaint meets the standards articulated by *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

5. For example, paragraph 19 of the Complaint, one of the very few paragraphs that specifies (to any extent) the conduct complained of Karl, states: "The website is mostly penned in first person by Alissa Hindle, however parts of the website are penned in third person and self admittedly by Karl Hindle." In the Response, however, Plaintiffs now insist that "Responsibility for the contents and authorship of the Website is the Defendant, Karl Hindle, as alleged in Paragraph 19 of the Complaint." This convenient reframing of the website's authorship does not cure the Complaint's primary defect: that there are few allegations specific to Karl.

6. Furthermore, the Response confuses the impact of a Motion to Dismiss with an Answer. For example, in paragraph 6 of the Response the Plaintiffs assert "The Defendant's Motion does not dispute authorship of the Website, wherefore, the Defendant has tacitly agreed that the Website is his creation and published by him." But nothing could be further from the truth.

7. In a Motion to Dismiss, the Court must assume that the allegations of a well plead complaint are all true, still Plaintiffs would not be entitled to prevail on their claims. To the contrary, an Answer is the Defendant's opportunity to contest the truth of a Complaint's allegations. Thus Karl's failure to dispute authorship of the website in the Motion to Dismiss speaks nothing to whether Karl admits to participating in the authorship of the website.

8. Plaintiffs' assertion that Karl fails to attack the Invasion of Privacy claim is also untrue. In paragraph 15 of the Motion to Dismiss Karl specifically states: "In this case, however, there is no allegation that Karl caused any of the allegations in the website to be published; such allegations are made under the general rubric of the "defendants." However, such general allegations are not adequate. The Complaint needs to detail the steps that Karl himself took to publish the website. Moreover, the Complaint needs to more than parrot the elements of this tort to survive an *Iqbal/Twombly* analysis. Accordingly, the 4th, 5th, and 6th claims must be dismissed."

9. However, the Response adds no factual gloss to the barebones recitation of the invasion of privacy claim. Instead, knowing that they were to dismiss Allisa, Plaintiffs now state that "Defendant" published the offensive remarks. The Complaint must be amended, if at all, to specify which actions by *Karl* have invaded their privacy. As it stands, the Complaint, referring jointly to both Karl and Allisa as "Defendants", must be dismissed.

WHEREFORE, Karl Hindle respectfully requests that this Court enter its Order:

A. Dismissing the Complaint in its entirety as to Karl Hindle;

B. Entering judgment in favor of the Defendant for costs and disbursements incurred in defense of this action; and

C. Granting such other and further relief as this Court deems just and proper.

*/s/Ronald J. Drescher*
RONALD DRESCHER
Bar No.  08712
Drescher & Associates, P.A.
10999 Red Run Blvd Suite 205
PMB 224
Owings Mills, MD 21117
(410) 484-9000; rondrescher@drescherlaw.com
Counsel for Defendant Karl Hindle

<u>CERTIFICATE OF SERVICE</u>

  I HEREBY CERTIFY that on this 14th day of March, 2023, a copy of the foregoing document was served via the Court's ecf system and by email, to:

Robert L Kline , III  
Kline Law Group LLC  
93 N. Main St.  
Port Deposit, MD 21904

                <u>*/s/Ronald J. Drescher*</u>  
                Ronald J. Drescher