IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| Goldstein, et al. | * | |
|     Plaintiff | * | |
| v. | * | Civil Action No.: CJC-21-3124 |
| Karl Hindle | * | |
|     Defendant. | * | |

**MEMORANDUM OPINION AND ORDER**

The Motion for Limited Stay of Proceedings and Discovery (the "Motion"), filed by Defendant Karl Hindle, comes before the Court after a long procedural history, much of which is not relevant to the present Motion and need not be recounted here. For the reasons explained below, the Court concludes that Mr. Hindle has failed to demonstrate that a stay is warranted. Therefore, the Motion is denied.

**I.      Relevant Procedural Background**

Plaintiffs Ephriam Goldstein, Ronald Layman, and Earl Morrissey, initiated this action against Mr. Hindle in the Circuit Court for Frederick County, Maryland on November 4, 2021. ECF No. 1-2. In the Complaint, Plaintiffs asserted six counts against Defendants Allissa[1] and Karl Hindle: three counts of defamation and three counts of invasion of privacy by false light. *See generally id*. Specifically, the Complaint alleges that Defendants made false and damaging statements about Plaintiffs to third parties, including through online publications. *Id.*

---

[1] On February 28, 2023, Plaintiffs filed a Notice of Dismissal Without Prejudice as to Alissa Hindle, who was then terminated as a party to this case. ECF Nos. 32, 33.

1

On December 7, 2021, Mr. Hindle filed a notice of removal to this Court on the basis of diversity of citizenship, pursuant to 28 U.S.C. §1332(a). ECF No. 1. On March 22, 2024, Mr. Hindle filed an answer and asserted a counterclaim against Plaintiffs for tortious interference. ECF No. 40. Following extensive litigation and the filing of multiple motions, the matter has culminated in the issue currently before the Court.

On May 16, 2025, Mr. Hindle filed the instant Motion, citing Fifth and Sixth Amendment concerns. ECF No. 98. Specifically, Mr. Hindle cited an ongoing FBI investigation as grounds for his argument in favor of a stay. *Id.* Notably, at the May 12, 2025, virtual status conference, during a broad discussion regarding the possibility of a stay, Mr. Hindle represented on the record that he had no personal Fifth Amendment self-incrimination concerns. *See* ECF No. 96. Given this prior statement, the basis for Mr. Hindle's request for a stay is unclear to the Court. Nevertheless, the Court will analyze Mr. Hindle's Motion through the lens of the Fifth and Sixth Amendments.[2]

On May 27, 2025, Plaintiffs filed a response in opposition to Mr. Hindle's Motion, arguing that Mr. Hindle's request lacked any evidentiary or legal basis and was the latest tactic in a pattern of delay. ECF No. 108. Plaintiffs contend that Mr. Hindle's request for a stay is based on vague references to a criminal investigation without any supporting communications from law enforcement, or any assertion of privilege. *Id.*

**II.     Legal Standard**

---

[2] Although Mr. Hindle cited Sixth Amendment concerns, he failed to elaborate on them within his Motion. *See* ECF No. 98. The Sixth Amendment guarantees criminal defendants the right to a speedy and public trial, an impartial jury, the assistance of counsel, and the opportunity to confront witnesses, among other protections. U.S. CONST. amend. VI. The Sixth Amendment does not govern civil cases. *Turner v. Rogers*, 564 U.S. 431, 441 (2011). Accordingly, Mr. Hindle's reliance on the Sixth Amendment in support of his motion to stay this *civil* matter is misplaced.

"The determination by a district judge in granting or denying a motion to stay proceedings calls for an exercise of judgment to balance the various factors relevant to the expeditious and comprehensive disposition of the causes of action on the court's docket." *United States v. Ga. Pac. Corp.*, 562 F.2d 294, 296 (4th Cir. 1977) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). A district court has inherent power to stay proceedings "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis*, 299 U.S. at 254; *see also Clinton v. Jones*, 520 U.S. 681, 706-07 (1997) (citing *Landis* for the same proposition). "The party seeking a stay must justify it by clear and convincing circumstances outweighing potential harm to the party against whom it is operative." *Williford v. Armstrong World Indus., Inc.*, 715 F.2d 124, 127 (4th Cir. 1983). A stay of a civil case is an "extraordinary remedy." *See Weil v. Markowitz*, 829 F.2d 166, 174 n.17 (D.C. Cir. 1987).

### III.    Discussion

A motion to stay requires the trial court "to balance the various factors relevant to the expeditious and comprehensive disposition of the causes of action on the court's docket." *Ga. Pac. Corp.*, 562 F.2d at 296 (internal citation omitted). The Constitution does not ordinarily require a stay of civil proceedings pending the outcome of criminal proceedings. *Sec. & Exch. Comm'n v. Dresser Indus., Inc.*, 628 F.2d 1368, 1375 (D.C. Cir. 1980), *cert. denied*, 449 U.S. 993 (1980). "In the absence of substantial prejudice to the rights of the parties involved, [simultaneous] parallel [civil and criminal] proceedings are unobjectionable under our jurisprudence." *Dresser*, 628 F.2d at 1374. "Nevertheless, a court may decide in its discretion to stay civil proceedings ... 'when the interests of justice seem [ ] to require such action.'" *Id.* at 1375 (quoting *United States v. Kordel*, 397 U.S. 1, 12 n.27 (1970)).

In determining whether to stay a civil proceeding in response to pending, or in this case potential, criminal proceedings, the courts have traditionally looked to five factors for guidance. These factors are:

> (1) the interest of the plaintiffs in proceeding expeditiously with [the] litigation or any particular aspect of it, and the potential prejudice to plaintiffs of a delay, (2) the burden which any particular aspect of the proceedings may impose on defendants; (3) the convenience of the court in the management of its cases, and the efficient use of judicial resources; (4) the interests of persons not parties to the civil litigation; and (5) the interest of the public in the pending civil and criminal litigation.

*Ashworth v. Albers Med., Inc.*, 229 F.R.D. 527, 530 (S.D.W. Va. 2005) (citing *Keating v. OTS*, 45 F.3d 322, 325 (9th Cir. 1995); *see also In re Mid-Atlantic Toyota Antitrust Litigation*, 92 F.R.D. 358, 359 (D. Md. 1981). Courts have also considered a sixth factor, "the 'relatedness' of the criminal and civil proceedings, including whether the proceedings 'involve substantially similar issues.'" *United States v. Rudy's Performance Parts, Inc.*, 647 F. Supp. 3d 408, 413-14 (M.D.N.C. 2022) (quoting *Ashworth*, 229 F.R.D. at 530).

The first factor weighs in favor of denying the Motion. This case has been beset by repeated delays. Mr. Hindle removed this case to federal court in 2021. Fact discovery is now set to close on June 30, 2025, after having been extended by a period of 60 days. *See* ECF Nos. 94, 95. The relationship between the parties is contentious and the Court has held regular status conferences throughout discovery to resolve myriad disputes, including disputes relating to at least three motions to compel and two motions for sanctions, all filed by Plaintiffs. *See* ECF Nos. 105, 106, 109, 110, 116. In these disputes, Plaintiffs complain that they face substantial prejudice due to Mr. Hindle's repeated noncompliance with his discovery obligations. Granting a stay at this stage, after years of protracted litigation and an already extended case schedule will only compound the delay and potential prejudice to Plaintiffs.

4

In the Motion, Mr. Hindle argues that "Plaintiffs cannot state a good faith burden or hardship as demonstrated by their non[-]participation or observance of the disclosure requirements, I have previously noted this presents me, as Defendant, with a 'one hand clapping' dilemma." ECF No. 98 at 3.[3] It is unclear which "disclosure requirements"[4] Mr. Hindle is referencing in his Motion. However, based on his repeated use of the phrase "one hand clapping dilemma" during status conferences in the context of discovery, the Court believes Mr. Hindle is referring to the fact that he has not received discovery responses from Plaintiffs. Yet, there is no indication in the record, nor has Mr. Hindle stated, that he served discovery requests on Plaintiffs to which Plaintiffs failed to respond. Mr. Hindle cannot bemoan the lack of discovery responses when he has not served any requests. Therefore, Plaintiffs' alleged "non-participation" is not a relevant consideration under this factor.

The second factor, the burden on the movant absent a stay, also supports denial of the Motion. Mr. Hindle does not identify any affirmative, legally cognizable burden that would justify a stay. Rather, he states, without explanation, that requiring discovery responses beyond his initial interrogatory answers would be unfairly prejudicial and burdensome. ECF No. 98 at 3. He then provides ambiguous references to an ongoing FBI investigation "surrounding the parties" and relies on his former attorney's affidavit as evidence for the existence of such an investigation. *Id.* Neither argument is persuasive.

---

[3] Page numbers refer to the pagination of the Court's Case Management/Electronic Case Files system (CM/ECF) printed at the top of the cited document.

[4] To the extent that Defendant is referring to the deadline for Plaintiffs' 26(a)(2) disclosures under the Federal Rules, the appropriate remedy for any failure to timely disclose expert information is not a stay of discovery or dismissal of the case. The Federal Rules provide specific procedures and potential sanctions for addressing deficiencies in expert disclosures, but they do not support halting the entire case on that basis. *See* Fed. R. Civ. P. 37(c)(1).

It is not uncommon for litigants in contentious cases to find discovery taxing.. That complaint is not a basis for staying the entire case. *See, e.g., Hoxie v. Livingston Cnty.*, No. 09-CV-10725, 2010 WL 822401, *1 (E.D. Mich. Mar. 4, 2010) ("The wheels of justice would surely grind to a halt if discovery were stayed pending dispositive motions and based on such generic allegations of undue burden and expensive."); *Standard Bank PLC v. Vero Ins. Ltd.*, No. 08-cv-02127-PAB-BNB, 2009 WL 82494, at *2 (D. Colo. Jan. 13 2009) ("Parties always are burdened when they engage in litigation, whether the case ultimately is dismissed; summary judgment is granted; the case is settled; or a trial occurs. That is a consequence of our judicial system and the rules of civil procedure. There is no special burden on the parties in this case." ). To the extent Mr. Hindle believes that specific discovery requests from Plaintiffs are improper or unduly burdensome, the Federal Rules provide mechanisms for seeking appropriate relief, including protective orders. A blanket stay based on generalized complaints about the inconvenience of participating in discovery would be inappropriate. *See* Fed. R. Civ. P. 37.

Likewise, Mr. Hindle's vague references to an ongoing FBI investigation do not justify a stay for at least three reasons. First, at the May 12, 2025, status conference, Mr. Hindle affirmatively stated on the record that he had no concerns regarding self-incrimination. Indeed, Mr. Hindle seemingly seeks to invoke *Plaintiffs'* right against self-incrimination, in addition to, or rather than his own, to justify a stay. ECF No. 98 at 2. But the right against self-incrimination under the Fifth Amendment is a personal privilege; it cannot be asserted vicariously on behalf of others.[5]

---

[5] Mr. Hindle attempts to obscure whose right against self-incrimination he is invoking. He uses phrases such as the "FBI investigation surrounding the parties" and "Fifth Amendment protections attaching to all parties the direction of the investigation" in his motion. *See* ECF No. 98 at 2–3. However, based on his statements to the Court and the content of the affidavit, it is clear he does not genuinely assert any Fifth Amendment concerns of his own.

*See Couch v. United States*, 409 U.S. 322, 328 (1973) ("It is important to reiterate that the Fifth Amendment privilege is a personal privilege: it adheres basically to the person, not to information that may incriminate him").

Second, Mr. Hindle relies on an affidavit submitted by his former attorney, Timothy Conlon, as evidence of an ongoing FBI investigation. ECF No. 98 at 3. In the affidavit, Mr. Conlon describes having participated in interviews with the FBI and having learned of FBI interviews involving other individuals. ECF No. 98-1. The affidavit is unclear as to when these interviews occurred and describes an investigation that, even if ongoing, does not appear to concern the operative facts or claims at issue in this case. *See id*. It offers no indication that the investigation relates to the conduct alleged in this instant matter, let alone that it would create a meaningful risk of self-incrimination. *Id.* Specifically, the affidavit states that the FBI investigation concerns, in part, the sexual assault of a then-high school student by someone who is described as the Plaintiffs' "associate." *Id.* at 1. It further notes a shooting outside a witness's home and speculates that the shooter is "possibly [ ] an individual associated with Plaintiff[s'] general knowledge and [c]ircle." *Id.* at 2. The affidavit also alleges that two of the plaintiffs in this case have been named by a witness for stalking and harassment. *Id*. These allegations simply have no apparent connection with the Plaintiffs' defamation claim and Mr. Hindle's counterclaim for tortious interference. Finally, even if the allegations in the affidavit are true and based on the same operative facts as the instant case, stays are generally not granted before indictments have issued.[6] *See, e.g.*, *Ashworth*, 229 F.R.D. at 531 n.3 (citing *Trs. of Plumbers & Pipefitters Nat'l Pension Fund v. Transworld*

---

[6] In addition to these issues, Mr. Hindle requests a 90-day stay, but it is unclear what the basis for that specific duration is, as Mr. Hindle acknowledges that that he does not know the nature or status of the alleged FBI investigation. ECF No. 98 at 4. The Court cannot grant a stay based on the secondhand and speculative assertion from Mr. Hindle's former attorney that an FBI investigation is underway.

*Mech., Inc.*, 886 F. Supp. 1134, 1139 (S.D.N.Y. 1995)); *State Farm Mut. Auto. Ins. Co. v. Beckham–Easley*, No. 01–cv–5530, 2002 WL 31111766, at *2 (E.D. Pa. Sept. 18, 2002) (citing *Walsh Sec., Inc. v. Cristo Prop. Mgmt., Ltd.*, 7 F. Supp. 2d 523, 527 (D.N.J. 1998)); *In re Par Pharm., Inc. Sec. Litig.*, 133 F.R.D. 12, 13-14 (S.D.N.Y. 1990).

The third factor, convenience of the courts, refers to the Court's interest in judicial economy and avoiding duplicative judicial effort. *Mid-Atlantic Toyota*, 92 F.R.D. at 360. On the instant facts, given that no criminal charges have been filed against any party, there are no duplicative judicial efforts to avoid through a stay of litigation. Thus, this factor also weighs in favor of denying the Motion.

The fourth and fifth factors—the interests of individuals not parties to the civil matter and the public's interest in the pending civil and criminal matters, respectively—weighs against granting the Motion. Mr. Hindle contends that the interests at stake which favor a stay include the FBI's investigation relating to "[s]exual abuse upon a minor, Government corruption surrounding more than one (1) State employee or official, County employees or officials and State and Government Lottery Funds." ECF No. 98 at 4. As noted above, there is no parallel criminal case and no party in this civil matter has been charged with any crimes by way of indictment or criminal complaint. Thus, this Court cannot conclude that the third-party interests at stake exist in any fashion or extend as broadly as Mr. Hindle contends. And there is no public interest at stake here, other than the efficient administration of justice, which would be undermined by granting the Motion. *See United States v. Hasting*, 461 U.S. 499, 527 (1983) (Brennan, J., concurring in part) (recognizing "the important judicial and public interest in the orderly and efficient administration of justice").

Finally, the sixth factor, the relatedness between the civil and criminal proceedings, further supports denial of the Motion. As discussed above, there are no parallel proceedings in the first instance and, assuming an FBI investigation exists, it does not appear to relate to the issues in this civil case. "Without a connection between the civil and criminal proceedings, the 'myriad of tangible concerns in favor of a stay, including the protection of a defendant's Fifth Amendment interest and the deleterious effect of civil discovery on the prosecution or defense, dissipates.'" *Rudy's Performance Parts, Inc.*, 647 F. Supp. 3d at 414 (quoting *Ashworth*, 229 F.R.D. at 531).

Because all six factors weigh in favor of denying Mr. Hindle's request for a stay, the Motion for Limited Stay of Proceedings and Discovery is DENIED.

## IV.     Conclusion

For the foregoing reasons, it is ORDERED that:

1. Defendant's Motion for Limited Stay of Proceedings and Discovery (ECF No. 98) is DENIED.

DATED this 26th day of June, 2025

BY THE COURT

_____
Chelsea J. Crawford
United States Magistrate Judge
