**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

| | |
|---|---|
| **CHAMBERS OF**<br>**CHELSEA J. CRAWFORD**<br>**UNITED STATES MAGISTRATE JUDGE** | **101 WEST LOMBARD STREET**<br>**BALTIMORE, MARYLAND 21201**<br>MDD_CJCChambers@mdd.uscourts.gov<br>**(410) 962-4560** |

July 14, 2025

**MEMORANDUM TO PARTIES RE:**   *Goldstein, et al. v. Hindle*, Civil Action No. CJC-21-3124

Dear Parties,

Now pending before the Court are several motions, which for ease of reference, are grouped into three categories: (1) motions to compel; (2) a motion to quash subpoena; and (3) motions for sanctions. Each group is discussed in turn, below.

### I.   Motions to Compel

Plaintiffs have filed two motions to compel. The first, filed on May 28, 2025, is a Motion to Compel Discovery, Strike Counterclaim, and for Sanctions. ECF No. 109. In it, Plaintiffs allege in general terms that Defendant Karl Hindle's responses to Plaintiffs' interrogatories and request for production of documents were untimely, boilerplate, and evasive. *Id.* On May 29, 2025, Plaintiffs filed a similar motion seeking, among other things, an order requiring Mr. Hindle to comply with a previous Court order directing Mr. Hindle to respond to all outstanding written discovery requests. Plaintiffs styled this motion as a Motion for Sanctions and to Strike Defendant's Counterclaim for Noncompliance with Court Order. ECF No. 110. The motion is devoid of any argument or analysis supporting Plaintiffs' request for relief. Mr. Hindle filed a response to both motions on June 20, 2025. ECF Nos. 117, 118.

Federal Rule of Civil Procedure 37 provides that when a party fails to respond to discovery, the party seeking discovery can move for an order compelling production. Fed. R. Civ. P. 37(a)(3)(B). When addressing a motion to compel discovery, the trial court holds broad discretion. *See LaRouche v. Nat'l Broadcasting Co., Inc.*, 780 F.2d 1134, 1139 (4th Cir. 1986) ("A motion to compel discovery is addressed to the sound discretion of the district court."); *see also Lone Star Steakhouse & Saloon, Inc. v. Alpha of Va., Inc.*, 43 F.3d 922, 929 (4th Cir. 1995) ("This Court affords a district court substantial discretion in managing discovery and reviews the denial or granting of a motion to compel discovery for abuse of discretion.").

Plaintiffs' Motions to Compel contain, at most, limited and vague assertions that do not clearly identify the alleged discovery deficiencies to which Plaintiffs object. The Motions rely on vague and conclusory statements, offering few details. Specifically, in Plaintiffs' Motion to Compel, filed on May 28, Plaintiffs state:

> Defendant's May 15, 2025 responses demonstrate a continued pattern of bad faith and obstruction. Many responses consist only of boilerplate objections, non-

responsive language, or inflammatory personal attacks. He fails to answer fundamental questions regarding damages, clients, financial records, and other basic elements central to his counterclaim. This conduct has severely prejudiced Plaintiffs' ability to prepare their case and warrants judicial relief.

Pl. Mot. at 2, ECF No. 109.

Plaintiffs provide no additional argument or context in support of their position. Mr. Hindle's Response does not fare any better, as it likewise relies on conclusory statements in response to Plaintiffs' claims. Mr. Hindle argues: (1) he submitted his discovery responses in a timely manner; (2) Plaintiffs' Interrogatories were "compound" and "abusive;" and (3) there is no basis for striking pleadings, awarding attorney's fees, or instituting other sanctions. Def.'s Resp. at 2–3, ECF No. 117.

The Court has reviewed Plaintiffs' Interrogatories to Mr. Hindle, *see* Ex. A to Pls.' Mot., ECF No. 109-1, and Mr. Hindle's Discovery Responses, *see* Ex. B to Pls.' Mot., ECF No. 109-2. Based on the Court's review of these materials, Mr. Hindle is instructed to supplement the following Responses to Interrogatories:

### A. Interrogatory No. 2

Interrogatory No. 2 requests that Mr. Hindle itemize and explain the calculation of damages claimed in his counterclaim, including economic, non-economic, compensatory, punitive, or any other form of damages. Mr. Hindle's Response to Interrogatory No. 2 is non-responsive, as it provides only broad objections to the information sought and a narrative about reputational harm and lost business opportunities. Mr. Hindle's response fails to provide any itemized damages or calculations. If Mr. Hindle intends to seek damages for economic loss in particular, he must supplement his response to provide the requested information.

### B. Interrogatory No. 4

Interrogatory No. 4 requests the identity and opinions of any expert witnesses expected to testify at trial. Mr. Hindle's response raises boilerplate objections and refers vaguely to other answers. He names one expert, Eric Beasley, but does not provide any of Mr. Beasley's opinions. Mr. Hindle also mentions a future expert without identifying the expert or the expert's anticipated opinions. The response lacks the specificity required under Rule 26(a)(2) and does not adequately disclose expert testimony. Here, too, Mr. Hindle must supplement his response to properly identify all expert witnesses.

### C. Interrogatory No. 13

Interrogatory No. 13 asks Mr. Hindle to identify and describe any alleged admissions made by Plaintiffs or their agents regarding liability or damages, including the substance of the admission, the individual who made it, the recipient, and the date. Mr. Hindle's response raises boilerplate objections followed by a vague and generalized assertion that all three Plaintiffs, through various unspecified communications, made admissions or statements against their interests. This response is insufficient. It fails to identify the specific statements or admissions, the substance of the admissions, to whom the admissions were made, or the context and timing of such admissions. Moreover, the reliance on broad categories of communications, such as

"social media posts" and "threats" without detail or support does not satisfy Mr. Hindle's obligation under Rule 33 to provide complete responses based on information presently available. Accordingly, a more specific and complete response is required.

The Court agrees with Mr. Hindle that there is no basis for striking pleadings, awarding attorney's fees, or instituting other sanctions. The appropriate remedy is to require Mr. Hindle to supplement his responses with the information reasonably available to him. Accordingly, the Court will grant in part and deny in part Plaintiffs' Motion to Compel Discovery, Strike Counterclaim, and for Sanctions. ECF No. 109. Mr. Hindle must supplement his Answers to Plaintiffs' Interrogatory Nos. 2, 4, and 13 by July 21, 2025.

Because Plaintiffs' Motion for Sanctions and to Strike Defendant's Counterclaim for Noncompliance with Court Order, ECF No. 110, is duplicative of Plaintiffs' Motion to Compel Discovery, Strike Counterclaim, and for Sanctions, it is denied.

## II.     Motion to Quash

On June 19, 2025, Plaintiffs filed a Motion to Quash Third Party Subpoena to Meta Platforms, Inc. ("Meta"). ECF No. 115. Mr. Hindle filed his response on June 27, 2025, *see* ECF No. 121, and supplemented his response on July 7, 2025, *see* ECF No. 128. Plaintiffs' Motion presents two general categories of arguments—procedural defects and substantive objections.

First, Plaintiffs argue that the subpoena is procedurally defective under Rule 45 of the Federal Rules of Civil Procedure because: (1) Mr. Hindle is a *pro se* litigant and not authorized to issue subpoenas; (2) the subpoena was served by Paige Wilson, Mr. Hindle's live-in partner and a material witness, in violation of Rule 45(b)(1); (3) notice was not properly provided to all parties as required by Rule 45(a)(4); and (4) the subpoena exhibits conflicting issuance dates, suggesting Mr. Hindle acted in bad faith.

Second, Plaintiffs object to the substantive scope of the subpoena under Rule 26 of the Federal Rules of Civil Procedure, arguing that it seeks sweeping and private data from Meta without any demonstrated relevance and imposes undue burden. Plaintiffs also cite a broader pattern of discovery misconduct and request that the Court enter a protective order requiring Mr. Hindle to obtain leave of court before serving any future third-party subpoenas.

Mr. Hindle responds by arguing that the subpoena was properly issued and served. He further contends that any technical defects can be cured, and that the subpoena is appropriately tailored to his claims and defenses. *See* ECF Nos. 121, 128.

As a threshold matter, Plaintiffs lack standing to move to quash the subpoena. It is well-settled that a party lacks standing to challenge a subpoena issued to a nonparty. *In re C.R. Bard, Inc. Pelvic Repair Sys. Prod. Liab. Litig.*, 287 F.R.D. 377, 382 (S.D. W. Va. July 12, 2012). Standing may exist where the party claims some personal right or privilege with respect to the documents sought. *Jason's Enter., Inc. v. Gen. Accident Ins. Co. of Am.*, Nos. 95-2553, 95-2554, 1996 WL 346515, at *5 (4th Cir. June 25, 1996); *see also* 9A Charles Allen Wright & Arthur R. Miller, *Federal Practice & Procedure* § 2459 (3d ed. 2021) ("Ordinarily a party has no standing to seek to quash a subpoena issued to someone who is not a party to the action, unless the objecting party claims some personal right or privilege with regard to the documents sought."). Here, Plaintiffs have not demonstrated that they possess any personal right or privilege in the records sought from Meta, nor have they shown that the subpoena directly implicated their

confidential or protected personal information. Absent such a showing, Plaintiffs lack standing to challenge either the form or the substance of the subpoena.

Nonetheless, courts retain inherent authority to supervise discovery and to act *sua sponte* when subpoenas are plainly defective. The subpoena to Meta is plainly defective because it does not comply with Local Rule 102.3, which pertains to the "Issuance of Subpoenas in Self-Represented Cases" and provides that:

> The Clerk shall not issue any subpoena under Fed. R. Civ. P. 45(a)(3) to any self-represented litigant without first obtaining an order from the Court authorizing the issuance of the subpoena. Before entering any such order the Court may require the litigant to state the reasons why the subpoena should be issued, and the Court may refuse to authorize issuance of the subpoena if it concludes that the subpoena imposes undue burden or expense on the person subject to the subpoena or upon the U.S. Marshal or other court officer who would be required to serve it under 28 U.S.C. § 1915, or is otherwise inconsistent with the requirements of Fed. R. Civ. P. 26 and 45(d).

Loc. R. 102.3.

Despite this Court advising the parties to familiarize themselves with the Local Rules, Mr. Hindle did not obtain an order from this Court before issuing the subpoena. Moreover, there is no evidence that Mr. Hindle served Plaintiffs with the notice required by Rule 45(a)(4).[1] The Court will therefore quash the subpoena *sua sponte*. *See Newcomb v. Principal Mut. Life Ins. Co.*, No. 1:07cv345, 2008 WL 3539520 at *8 (W.D.N.C. Aug. 11, 2008) (denying the plaintiff's motion to quash the defendant's subpoena where the plaintiff lacked standing but nevertheless quashing the subpoenas *sua sponte*).

Plaintiffs' Motion to Quash Third Party Subpoena to Meta is therefore denied for lack of standing. ECF No. 115. The Court, upon its own authority, quashes the subpoena issued to Meta as facially invalid.

### III.  Motion for Sanctions

Finally, there are several motions for sanctions before the Court. *See* ECF Nos. 116, 120, 126.[2] On June 19, 2025, Plaintiffs filed a Motion for Sanctions for Abuse of Process and Harassment. ECF No. 116. On June 26, 2025, Plaintiffs filed an "updated" Motion for Sanctions, Witness Tampering, Abuse of Process, and Attorney Misconduct. ECF No. 120. On July 7, 2025, Mr. Hindle filed a separate Motion for Immediate Sanctions.[3] ECF No. 126. Plaintiffs' motions

---

[1] Although Mr. Hindle argues that he provided Plaintiffs with proper notice of the subpoena, he failed to provide any evidence of such notice. *See* ECF No. 121.

[2] Of the three pending sanctions motions, only Plaintiffs' motions are fully briefed. ECF Nos. 116, 120. Plaintiffs' response to Mr. Hindle's Motion for Immediate Sanctions is due no later than July 24, 2025. However, as explained more fully in this Memorandum, given the nature of the parties' sanctions motions, their redundant arguments, and relative lack of merit, I will deny Mr. Hindle's Motion without the benefit of Plaintiffs' response. I also note that, while this Court's Local Rules allow parties an opportunity to file reply memoranda, neither party in this case has ever done so.

[3] Mr. Hindle also filed a Motion to Shorten Time for Ruling Upon Motion for Immediate Sanctions. ECF No. 127.

for sanctions generally allege that Mr. Hindle has engaged in harassment, abuse of process, witness tampering, and general misconduct. Mr. Hindle's motion likewise complains that Plaintiffs have abused the court system to harass and intimidate Mr. Hindle.

Federal courts have the inherent power to order sanctions "to preserve the integrity of the judicial process" and to punish bad-faith conduct intended to delay or disrupt the course of litigation or to impede enforcement of a court order. *In re Jemsek Clinic, P.A.*, 850 F.3d 150, 157 (4th Cir. 2017) (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 46 (1991)). The Fourth Circuit has interpreted *Chambers* as authorizing the imposition of sanctions via the Court's inherent powers "'when a party deceives a court or abuses the process at a level that is utterly inconsistent with the orderly administration of justice or undermines the integrity of the [judicial] process.'" *McMahan v. Adept Process Servs., Inc.*, 279 F.R.D. 356, 365 (E.D. Va. 2011) (quoting *United States v. Shaffer Equip. Co.,* 11 F.3d 450, 462 (4th Cir.1993)). As the United States Supreme Court has cautioned, "[b]ecause of their very potency, inherent powers must be exercised with restraint and discretion." *Chambers*, 501 U.S. at 44.

Throughout the discovery period, the parties have traded accusations of improper conduct, harassment, and intimidation. It is clear from the filings, and from the parties' conduct at several status conferences, that their relationship is bitter and contentious.[4]  But ill will between the parties does not meet the high bar required for the Court to invoke its inherent authority to impose sanctions. For this reason, and for the reasons stated on the record at this Court's July 7, 2025 status conference, the Court denies the parties' motions for sanctions.

### IV. Conclusion

For the foregoing reasons, it is ORDERED that:

1. Plaintiffs' Motion to Compel Discovery, Strike Defendant's Counterclaim and For Sanctions (ECF No. 109) is GRANTED in part and DENIED in part.

2. Plaintiffs' Motion for Sanctions and to Strike Defendant's Counterclaim for Noncompliance with Court Order (ECF No. 110) is DENIED.

3. Plaintiffs' Motion to Quash Third Party Subpoena to Meta Platforms, Inc. (ECF No. 115) is DENIED.

4. *Sua sponte*, the Court quashes the subpoena issued to Meta Platforms, Inc.

5. Plaintiffs' Motion for Sanctions for Abuse of Process and Harassment (ECF No. 116) is DENIED.

---

[4] Plaintiffs filed three "Notices" between June 30, 2025, and July 2, 2025, noting Plaintiff Goldstein's filing of criminal charges against Mr. Hindle, ECF No. 122, Mr. Goldstein's filing of a Petition for Peace Order against Mr. Hindle, ECF No. 123, and Mr. Goldstein's filing of an Application for Statement of Charges against Mr. Hindle for harassment. ECF No. 124.

6. Plaintiffs' Motion for Sanctions, Witness Tampering, Abuse of Process, and Attorney Misconduct (ECF No. 120) is DENIED.

7. Defendant's Motion for Immediate Sanctions (ECF No. 126) is DENIED.

8. Defendant's Motion to Shorten Time for Ruling Upon Motion for Immediate Sanctions (ECF No. 127) is DENIED as moot.

BY THE COURT

_____
Chelsea J. Crawford
United States Magistrate Judge