**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

CHAMBERS OF
CHELSEA J. CRAWFORD
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
MDD_CJCChambers@mdd.uscourts.gov
(410) 962-4560

August 4, 2025

**MEMORANDUM TO PARTIES RE:**   *Goldstein,* et al. *v. Hindle*, Civil Action No. CJC-21-3124

Dear Parties:

Pending before the Court are three motions, all filed by Defendant Karl Hindle on July 11, 2025: (1) Motion to Compel Production of Discovery, ECF No. 131; (2) Motion for Immediate Sanctions, ECF No. 132; and (3) Motion to Shorten Time for Ruling Upon for Immediate Sanctions, ECF No. 133. Plaintiffs have filed responses in opposition to each motion. *See* ECF Nos. 135–137. No hearing is necessary. Loc. R. 105.6. For the reasons stated below, the motions are DENIED.

**I.    Motion to Compel**

Defendant Karl Hindle filed a Motion to Compel Production of Discovery on July 11, 2025. ECF No. 131. In his motion, Mr. Hindle argues that Plaintiff Ronald Layman failed to produce documents responsive to Mr. Hindle's May 27, 2025, written discovery requests. *Id.* Specifically, Mr. Hindle states that Mr. Layman has refused to produce an email from Meta Platforms, Inc. ("Meta"), which Plaintiffs referenced in a previous motion to quash. ECF No. 115. In that motion to quash, Plaintiffs argued that Mr. Hindle failed to provide adequate notice under Rule 45(a)(4) of a third-party subpoena Mr. Hindle directed to Meta.[1] Plaintiffs noted that they received only informal copies of the subpoena from Mr. Hindle. Plaintiffs also stated that, after Meta received the subpoena, Meta emailed a copy of the subpoena to Mr. Layman. *Id.* Mr. Hindle speculates that the email from Meta to Mr. Layman is proof that Mr. Layman is the account holder of various Facebook accounts containing alleged defamatory content.

As an initial matter, Mr. Hindle failed to attach his May 27 discovery requests to his motion. Without the benefit of reviewing the requests themselves, the Court is unable to assess whether the Meta email is responsive to a properly served discovery request. Nevertheless, based on the Court's understanding of the claims and defenses in this case, even if the Meta email were responsive to a discovery request, the email is not relevant and proportional to the needs of this case under Rule 26(b)(1) of the Federal Rules of Civil Procedure.

The email to Mr. Layman appears to be nothing more than a copy of the subpoena that Mr. Hindle attempted to serve on Meta. To be sure, the email could not have contained any of the documents that Mr. Hindle sought via the subpoena because the Court quashed the subpoena *sua sponte*. Mr. Hindle's theory that the email from Meta proves that Mr. Layman is the account

---

[1] The Court found that this subpoena was facially invalid and quashed it *sua sponte*. ECF No. 130.

holder of various Facebook pages is speculative, lacks any evidentiary support, and is consistent with a broader pattern in Mr. Hindle's filings of alleging conspiracies with little factual basis. There are numerous legitimate reasons why in-house counsel may communicate with a party in response to a third-party subpoena. Most commonly, it is to avoid the burden of responding, which is a routine litigation practice, not evidence of any conspiracy or wrongdoing. While litigants have a continuing obligation to supplement discovery under the federal rules, that obligation does not extend to speculative or irrelevant materials. Accordingly, the Motion to Compel is denied.

## II.      Motion for Sanctions

On July 11, 2025, Mr. Hindle filed yet another Motion for Sanctions. ECF No. 132. The Court has already explained, at length, through its orders and status conferences that the bar for sanctions is extraordinarily high. Despite these repeated admonitions, Mr. Hindle appears to have disregarded the Court's prior guidance and continues to file frivolous motions that strain judicial resources. Motions for sanctions are only appropriate "in instances of egregious misconduct." *Scott v. Lori*, No. ELH-19-2014, 2020 WL 906351, at *2 (D. Md. Feb. 24, 2020). "The Court expects that motions for sanctions will not be filed as a matter of course." Loc. R. 105.8(a).

The Court again cautions all parties that the continued filing of meritless or frivolous motions is disfavored and may itself warrant the imposition of sanctions. Mr. Hindle's Motion is therefore denied, and his Motion to Shorten Time for Ruling Upon for Immediate Sanctions is denied as moot.

For the foregoing reasons, it is ORDERED that:

1. Defendant's Motion to Compel Production of Discovery (ECF No. 131) is DENIED.

2. Defendant's Motion for Immediate Sanctions (ECF No. 132) is DENIED.

3. Defendant's Motion to Shorten Time for Ruling Upon for Immediate Sanctions (ECF No. 133) is DENIED as moot.

BY THE COURT

_____
Chelsea J. Crawford
United States Magistrate Judge
District of Maryland